FILED
 2011 Jul-28  PM 12:13
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **WILDA M. WRIGHT,** | ]<br>] |
| Plaintiff, | ]<br>] |
| vs. | ]   CV 11-J-123-NE<br>] |
| **MICHAEL ASTRUE**<br>**Commissioner of Social Security**, | ]<br>]<br>]<br>] |
| Defendant. | |

### MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her disability insurance benefits and supplemental security income. The case is now properly before the court. *See* 42 U.S.C. § 405. At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 46 years old, and had an eighth grade education (R. 50, 55). At hearing, the plaintiff alleged an inability to work due to trouble lifting, problems with sitting and standing for long periods of time, incontinence, back pain, a hernia, trouble breathing and her legs getting weak and aching (R. 61-64). Since she has cut back on her smoking, she can tell her lung function has improved (R. 64).

The plaintiff works part time making sandwiches, two days a week, less than five hours a day (R. 69, 70, 203). She also cares for her two year old granddaughter (R. 69).

The ALJ found that the plaintiff does have impairments which are severe but do not meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 16). The ALJ found that the plaintiff had the residual functional capacity to perform a limited range of light work, with further limitations of occasionally lifting 20

pounds with both hands, sit for 30-60 minutes at a time, stand for 30-60 minutes at a time, walk for one block, she would need a sit/stand option, and would need to avoid bending, stooping or twisting, as well as require a climate controlled environment away from dust, pollution, smoke, and lung irritants (R. 17-18).

The ALJ further opined that the above limitation were consistent with the plaintiff's testimony (R. 19-20). Based on these limitations, the ALJ found that the plaintiff was not capable of returning to her past relevant, but could perform other work which exists in significant numbers in the national economy (R. 21). The ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act (R. 22).

The plaintiff argues that the ALJ's findings concerning the plaintiff's residual functional capacity are not based on substantial evidence. Plaintiff's memorandum at 7. Specifically, the plaintiff complains that the ALJ did not give Dr. Amit Vora's conclusions sufficient weight and did not obtain additional medical opinions. Plaintiff's memorandum at 9-10. The court finds that the ALJ did consider Dr. Vora's opinion regarding the plaintiff's limitations, but found it in conflict with the other evidence of record (R. 21).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining:  1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). *Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

Given the sparse evidence of the limitations the plaintiff alleges, this court cannot find that the decision of the ALJ was against the substantial weight of the evidence. Specifically, the court finds that the plaintiff's own testimony and daily activities contradict the level of limitation proposed by Dr. Vora.

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing, both before consideration by the Appeals Council and upon remand, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standards. Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 28th of July, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE